Hall, J.
Tbe plaintiffs were copartners carrying on business under the name and style of the Palmer Ointment Manufacturing Company, and as such were the proprietors of an ointment called “ skin success ” which they desired to bring to the notice of the public by means of advertisements. The defendant was an advertising agent having means of placing advertisements in the panels of street railroadears.
Between December 10, 1884, and February 20, 1885, plaintiffs and defendant entered into seven separate contracts together, whereby defendant agreed to place the card or advertisement of plaintiffs in certain numbers of street cars of various lines in New York, Brooklyn and Hoboken, at certain prices named in said contracts, and for varying periods of time ranging from three months to twelve months.
The defendant entered upon the performance of the several contracts and was paid sums of money from time to time on account, amounting in all to $285.84.
As early as April, 1885, plaintiffs complained that defendant was not performing his contract, and various complaints were made up to the 24th day of June, 1885, when plaintiffs wrote to defendant saying that he had failed to fulfill his contract, and for that cause gave him notice that they would mark his contracts void and that they would be discontinued from that date, and rescinded all contracts with defendant.
In July 1885, this action was commenced by plaintiffs against defendant to recover the sum of $285.84, paid to defendant on account of said contracts, plaintiff alleging that the same was. paid under a mistake of fact and in belief that defendant was carrying out his part of the contracts, whereas he had as they alleged, absolutely failed to perform on his part, as they discovered after payment of the money.
The defendant admits the making of the contracts, the letter of rescission and the payment on account, and denies the other material allegations of the complaint, and alleges full performance of the contracts on his part up to the time of plaintiffs’ notice, and alleges as a counterclaim that there was due him, for work actually performed up to the time of plaintiffs’ refusal to perform, $637.26, upon which he had been paid $285.64, and also sets up and claims damages for plaintiffs’ refusal to perform amounting to $865.01, but no proof in regard to this last counterclaim was given upon the trial and it seems to have been withdrawn.
The position of the parties at the time of the writing by plaintiffs of the letter of June 24th was this: that if the defendant had performed his contracts up to that time he was entitled to keep the money which had been paid him, and in addition, to receive the contract price for work done, and also to recover prospective profits for the balance of the term of the contracts, or such of them as had not expired; the contracts were entire and *898 plaintiffs bad no right to cancel or rescind them or refuse to perform except for a breach or failure of performance on defendant’s part.
On the other hand, if defendant had, up to the time named, failed to perform on his part, the plaintiffs were entitled to cancel the contracts and defendant could recover nothing, and if the money already paid by plaintiffs was paid by mistake or in ignorance of the fact of defendant’s failure to perform, they could recover back the amount paid.
Therefore the controversy between the parties was narrowed down to the determination of the single question as to whether or not the defendant had performed his part of the agreement.
. The learned counsel for the appellant is clearly right in his contention, that when a motion is made for a new trial upon the ground that the verdict is contrary to law the entire case is before the general term to review, even if no exception has be'en taken to the charge. Tate v. McCormick, 23 Hun, 218. Wehle v. Haviland, 42 How Pr. 399. Keyes v. Devlin, 3 E. D. Smith, 518, and the courts have even gone further and held, that the general term of a court on appeal has the right to order a new trial when an injustice has been done, although no exception has been taken and no motion made for a new trial upon the ground that the verdict is contrary to law. Schwab v. Elias, 2 Civ. Pro. 340 and cases cited.
But this power of the courts is exercised sparingly and only in cases where it plainly appears that the' trial court has adopted an entirely erroneous view of the law and a great injustice has been done, and it does not by any means- revoke or do away with the usual and salutary rule that where a judge at trial term misstates the law to the jury or omits to state any proposition of law or fact which should properly be stated, it is the duty of counsel to except to the charge, or request the trial judge to submit the proposition and except to a refusal.
The rule first above stated grows out of the power of a court at general term to correct any material error in the judgments of its own court by granting a new trial.
But in the case at bar there was no error committed by the trial judge in his presentation of the case to the jury, there was no question of the mutual rescission of the contract, the defend-, ant had never consented that the contracts be rescinded and no evidence was given from which the jury could have properly inferred such a fact, and even if there was, it could not be held that defendant intended to abandon the rights which had already accrued to him at the time plaintiffs elected to rescind. Defendant had no right, after the rescission of the contract by plaintiffs, to go on and complete performance on his part; it was plaintiffs privilege to rescind the contracts and stop all further performance by defendant subject only to the right of defendant to re- *899 coyer tbe contract price for work already performed, and prospective profits as to tbe remainder.
The defendant after the notice of rescission by plaintiffs, ceased from further performance of the contract, and when this action was commenced counterclaimed for work performednnder the contract and also for prospective profits.
The cases cited on appellant’s brief, in regard to the measure of damages for breach of a contract, all apply to executory contracts, or to prospective profits after a breach or rescission by ■one party, and it is expressly decided in Clark v. The Mayor, 4 N. Y., 338, that the usual measure of damages is the contract price.
It is true that the defendant might have claimed as his damages the value of the work done without regard to the contract price, but he was at least entitled to the price which plaintiffs had agreed to pay him-.
The counsel for appellant says that in a case where there has been a wrongful breach (as we are bound to assume from the verdict of the jury in this case) that the measure of damages is the difference between what the cost of the work would be and the price agreed to be paid, but he certainly cannot mean to apply that rule to the case at bar, because so far as defendant’s recovery is concerned it is only for work actually done and for the cost of which defendant has paid or is liable, and if he could recover only the profits who would. compensate him for his expenditure which might amount to the entire sum claimed.
It is too clear to allow of argument, that this rule applies only to executory contracts or prospective profits.
It will be seen, therefore, that the case resolves itself down to the simple-question of whether plaintiffs’ refusal to continue the contract was right or wrong; if defendant had up to that time performed jiis part the refusal was wrong, if he had failed to perform the refusal was right.
The charge of the learned trial justice clearly and forcibly presented this question to the jury upon the evidence in the case, and they found that the breach of the contract by plaintiffs was unauthorized and that defendant had performed up to the time of such breach, and as a consequence he was entitled to payment for such performance at the price named in the contracts.
The exceptions to the exclusion and admission of evidence are not tenable; the first one was to the exclusion of the question in regard to extra cars. This was properly excluded, the agreements were in writing, and the plaintiffs’ cause of action was based exclusively upon the written contracts, and the only object of the question must have been to show a non-performance by defendant of a verbal contract in regard to advertising in extra cars.'The evidence was inadmissible for any purpose; if it *900 tended, to vary the written contracts, it was incompetent; and if it sought to show a collateral contract, it was irrelevant, as no such issue was raised by the pleadings. The learned counsel for appellant correctly states the rule of law, but he fails to bring the facts within the rule.
The question asked of defendant as to the manner of running the cars on the Brooklyn road, was properly admitted, it called for defendant’s knowledge of a fact, and not his opinion as an expert.
There are no other matters in the record which disclose any error; the verdict of the jury was rendered on conflicting evidence,'and there is abundant evidence to sustain it.
The judgment and order denying the plaintiffs’ motion for a new trial must be affirmed, with costs to respondent.
Hyatt and Ehrlich. JJ., concur.